UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X      94 CV 2330 (NG) (VVP)
MUTHU SUNDARAM,

                              Plaintiff,

       -against-                                      **ORDER**

BROOKHAVEN NATIONAL
LABORATORIES, et al.,

                              Defendants.
------------------------------------------------------------X

**GERSHON, United States District Judge:**

       In a sixty-five page report and recommendation ("R&R") dated January 19, 2006, Magistrate Judge Viktor V. Pohorelsky recommends that judgment be granted in favor of defendants. Specifically, Judge Pohorelsky recommends that the plaintiff's motion for partial summary judgment be denied; that the defendants' motion for summary judgment dismissing the complaint be granted; that the plaintiff's motion to strike portions of the record be denied in part and dismissed as moot in part; and that the defendants' motion to strike portions of the record be granted in part and denied in part. The *pro se* plaintiff has filed objections, which have been reviewed *de novo* pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. To begin with, plaintiff claims that Judge Pohorelsky did not rule on his motion for summary judgment and that the motions to strike were not within his referral jurisdiction. Both claims are clearly incorrect.

       Judge Pohorelsky's R&R exhaustively examines each of the claims raised by the plaintiff. For example, in an impeccable and detailed analysis, which plaintiff does not refute, he concludes

that many of the claims are either time-barred or that the court has no jurisdiction over them. The court adopts Judge Pohorelsky's analyses and conclusions at to these issues. The court also adopts Judge Pohorelsky's conclusion that the federal enclave doctrine bars plaintiff's state law claims of discrimination and breach of implied contract. Plaintiff's argument that the R&R, in this respect, rests on Judge Pohorelsky's "personal opinion" (Objections at p. 27) is simply wrong. Judge Pohorelsky's conclusion that Brookhaven National Laboratories is a federal enclave and that plaintiff's claims are barred is fully supported by the law and the indisputable facts. See *Schiappa, Sr. v. Brookhaven Science Associates, LLC*, 403 F. Supp. 2d 230, 236-38 (E.D.N.Y. 2005).

With respect to whether summary judgment is appropriate on plaintiff's remaining Title VII and ADEA claims and state discrimination claim, Judge Pohorelsky has generously read plaintiff's claims, accurately described the applicable law and applied it with care and sensitivity to plaintiffs' *pro se* status (even though plaintiff is law-trained). Judge Pohorelsky's conclusions that plaintiff has either failed to establish an inference of discrimination sufficient to make a *prima facie* case or that no reasonable juror could conclude, on the basis of all of the facts, that he was discriminated against, or retaliated against, on the basis of his race, color, national origin or age are fully supported and plaintiff's objections are without merit. Judge Pohorelsky addressed all of the underlying factual issues, including whether plaintiff had provided sufficient evidence of proper comparators. Plaintiff's complaints about the R&R either mischaracterize the R&R or are simply not supported in the evidence.

Finally, the R&R correctly rejects plaintiff's claims under ERISA and state claims of breach of the covenant of fair dealing and fraud.

In sum, the R&R is adopted in its entirety and the Clerk of Court is directed to enter

judgment for the defendants dismissing this action.

                                                          **SO ORDERED.**

                                                    **/S/**
                                        **NINA GERSHON**
                                        **United States District Judge**

Dated:  Brooklyn, New York
          March 29, 2006